William Charles **CURTIS**, a/k/a Popsie Curtis, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 76–3617
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1977.

Rehearing and Rehearing En Banc
Denied March 14, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

William Charles Curtis, pro se.

Michael P. Carnes, Fort Worth, Tex., U. S. Atty., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant was convicted on all six counts of an indictment charging conspiracy to violate federal narcotics laws and substantive narcotics offenses. Specifically, one count alleged a conspiracy to distribute heroin and to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. The remaining five counts charged separate instances of distributing heroin, in violation

of 21 U.S.C. § 841(a)(1). The trial court imposed two concurrent fifteen year sentences on the conspiracy count and one substantive count. It added four concurrent ten year sentences on the remaining substantive counts, to run consecutively to the fifteen years.

Pursuant to Fed.R.Crim.P. 35, appellant moved for a reduction of this twenty-five year sentence, contending that consecutive sentencing was illegal on the theory that the conspiracy charge merged into the substantive charges. The trial court denied the motion. Finding appellant's argument without merit, we affirm.

▮▮▮ In general, a court can impose separate sentences for conspiracy to commit an offense and for the accomplishment of the substantive offense itself. *See Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 1290, 43 L.Ed.2d 616 (1975). Nothing in the history of the legislative scheme involved here, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801 *et seq.*, suggests any intent to depart from this general rule. Indeed, the Second Circuit, in rejecting a contention almost identical to that before us, has recently offered this observation:

> The structure and legislative history of the drug abuse act provide persuasive evidence that, because of the special dangers which conspiracies to distribute controlled drugs pose to society, Congress did intend that a conspiracy to violate the Act should constitute a separate crime in addition to the substantive offense.

*United States v. Bommarito*, 524 F.2d 140, 143–44 (2d Cir. 1975).

▮▮▮ Courts have long recognized an exception to the general proposition regarding separate sentences for conspiracy and the accomplishment of the alliance's object. This exception, known as Wharton's Rule, has been stated as follows:

> An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.

1 Anderson, Wharton's Criminal Law and Procedure § 89, p. 191 (1957), quoted in *Iannelli, supra*, 95 S.Ct. at 1288, n. 5. Wharton's Rule is not grounded in the Constitution; rather, "it has current vitality only as a judicial presumption to be applied in the absence of legislative intent to the contrary." *Iannelli, supra*, 95 S.Ct. at 1292.

In *Bommarito, supra*, the appellant-seller argued that he could not be prosecuted both for a conspiracy with a buyer to sell amphetamines and for the sale itself, because the sale required the cooperation of two persons. The court found, however, the Congressional concern with the special dangers created by conspiracies to distribute drugs was sufficient to override the Wharton's Rule presumption, to any extent it might apply. *See* 524 F.2d at 144.

▮▮▮ In the circumstances here, we perceive no basis for applying Wharton's Rule or otherwise invalidating the consecutive sentences imposed. Had the charge here been conspiring with only a single consumer to distribute heroin, a consecutive sentence for appellant's actual distribution would have raised a more difficult Wharton's Rule question. While it is not entirely clear that the offense of distribution necessarily requires the participation of two persons, this hypothetical charge would come closer to presenting the premise underlying the Rule, to wit, that the conspiracies to which it applies do not present the distinct kinds of dangers the law of conspiracy seeks to avert. *See Ianelli, supra*, 95 S.Ct. at 1293. Closer scrutiny of legislative intent, of which Wharton's Rule is but a tool, would be necessary.

Here, however, the conspiracy involved the alliance of more persons than were required to commit the substantive offense. Such a situation gives rise to the "third party" exception to Wharton's Rule. *See Iannelli, supra*, 95 S.Ct. at 1289; *Bommarito, supra*, 524 F.2d at 144. Accordingly, to the extent Wharton's Rule might ever be applicable to a conspiracy to distribute narcotics under 21 U.S.C. § 846, it cannot benefit appellant here.

The order of the district court is AF-FIRMED.