**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Anthony PRATI,
Defendant–Appellant.**

**No. 87–1960.**

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1988.

David Botsford, Frank Maloney, Austin, Tex., for plaintiff-appellee.

Jack Frels, LeRoy Morgan Jahn, Janet E. Bauerle, Asst. U.S. Attys., San Antonio, Tex., Helen M. Eversberg, U.S. Atty., Austin, Tex., for defendant-appellant.

Before WISDOM, GEE, and RUBIN, Circuit Judges.

WISDOM, Circuit Judge:

The defendant, Robert Anthony Prati, was convicted of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 and of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a). On appeal the defendant presents several grounds for reversal of his convictions and challenges the court's imposition of consecutive sentences. We reject the defendant's arguments and affirm the convictions and the sentences.

*Seizure and Search of Briefcase*

The defendant contends that police officers violated his fourth amendment rights by removing and later conducting a warrantless search of a briefcase found in the car the defendant was driving when he was stopped by the police.

On May 2, 1985 an informant cooperating with the Austin Police Department arranged to buy half of a pound of cocaine from Breck Craig. Craig identified his source of the drug to the informant as "Bobby". Based on Craig's statement to the informant that Bobby would drop off the cocaine at a specified apartment around 9:00 p.m., several police officers conducted surveillance at the apartment complex, and around 9:45 p.m. they saw a man drive up in a white Renault and carry a black briefcase into an apartment. About five minutes later, Craig left the apartment and drove to the pre-arranged location to complete the sale to the informant. The police met Craig there and arrested him with almost six ounces of cocaine in his possession. Within an hour, back at the apartment complex, the police saw the man with the briefcase who had arrived earlier move hurriedly back to the Renault and speed away. The car was traveling at up to 60–70 mph, but the police were able to stop the vehicle after a short pursuit. The driver, Robert Prati, refused to give permission to search the car. The police determined that the car was not registered to Prati and detained Prati for about ten minutes for questioning. During the detention the officers learned from the police department that Craig had named Robert Prati as the source of the cocaine. Prati was placed into custody, his briefcase was removed from the car, and the car was inventoried cursorily. Later, at the station, the police conducted a warrantless search of the briefcase and discovered several small notebooks containing calculations, initials, and telephone numbers, as well as a piece of paper with a chemical formula later determined to be that of amphetamines.

On these facts we conclude that based on the totality of the circumstances the officers had a reasonable or well-founded suspicion that the man driving the white Renault, later identified as Robert Prati, had distributed cocaine to Craig and therefore the stop was permissible under *Terry*

*v. Ohio.*[1] Based on the informant's tips from Craig and the officers' surveillance there was a particularized and objective basis for suspecting Prati of criminal activity. *See United States v. Cortez.*[2] Craig's identification of Prati as the source, information conveyed to the officers at the scene about ten minutes after they stopped Prati, provided probable cause to arrest Prati and to search the car for contraband, including the missing 1–2 ounces of cocaine, and for evidence of the crime.[3]

A warrantless search of an automobile is permissible where, as here, officers have probable cause to believe that the vehicle contains contraband. *Carroll v. United States.*[4] The scope of the search is as extensive as a magistrate could legitimately authorize in a warrant. In *United States v. Ross,*[5] the Supreme Court made it clear that closed containers, such as the defendant's briefcase, are not immune from the search: "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." The search need not be conducted immediately; it may take place at the police station. *See United States v. Johns.*[6] Having learned that only about six ounces of cocaine were delivered rather than the eight ounces the informant agreed to buy from Craig, the officers who stopped Prati had probable cause to believe that up to two ounces of cocaine were on Prati's person, in his briefcase, or in the car. Therefore, we conclude that the warrantless search of the defendant's briefcase did not violate the fourth amendment and suppression of the evidence obtained was properly denied on this ground.

## Evidence of Extraneous Acts and Offenses

The defendant also contends that contents of the briefcase, the testimony of an officer regarding these items, and Craig's testimony regarding previous drug purchases from the defendant should have been suppressed under Fed.R.Evid. 404(b) and our decisions in *United States v. Beechum*[7] and *United States v. Robinson.*[8] We disagree.

Rule 404(b) prohibits the admissibility of evidence of other crimes, wrongs, or acts to show a person's character but permits admissibility of such evidence to prove motive, opportunity, intent, preparation, plan, or knowledge. In *Beechum* we established a two-pronged analysis for determining the admissibility of evidence of extrinsic acts or offenses. First, the extrinsic evidence must be relevant to a matter referred to in Rule 404(b) other than the defendant's character. Second, the probative value of the evidence must not be outweighed substantially by its undue prejudice and must otherwise comply with Rule 403.[9] In *Robinson* this Court determined that it may be proper to remand a case to the trial court for an on-the-record evaluation of the probative value and prejudicial effect of the

---

1. 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968).

2. 449 U.S. 411, 419, 101 S.Ct. 690, 695, 66 L.Ed. 2d 621, 629–30 (1981).

3. We reject the defendant's argument that because he was actually arrested when first stopped by the police, before Craig identified him as the source, there was no probable cause for the arrest and therefore the search was tainted. Even if the detention is viewed as an arrest, we conclude that it was proper based on the defendant's speeding in violation of the traffic laws.

4. 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

5. 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572, 594 (1982).

6. 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985).

7. 582 F.2d 898 (5th Cir.1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

8. 700 F.2d 205, 213 (5th Cir.1983), *cert. denied,* 465 U.S. 1008, 104 S.Ct. 1003, 79 L.Ed.2d 235 (1984).

9. *Beechum,* 582 F.2d at 911. Fed.R.Crim.Evid. 403 provides:

 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ... or needless presentation of cumulative evidence.

evidence where the defendant has objected to admissibility, the trial court has not given reasons for its ruling, and it is unclear from the record whether the *Beechum* requirements have been satisfied.[10] Despite appellate counsel's admission at oral argument that there was no request for an on-the-record *Beechum* finding, counsel nevertheless argues for reversal contending that *Beechum* was not complied with. We disagree.

■ The trial court admitted into evidence the witnesses' testimony, the spiral notebooks containing calculations, and the written formula based on the prosecutor's contention that the evidence was relevant to show intent, knowledge, motive, and opportunity. Although trial counsel for the defendant objected based on the prejudicial impact of the evidence, the court concluded that its probative value was greater than its prejudicial impact. Considering that no objection was made regarding the relevance of the evidence and that the court heard counsels' arguments before ruling on the objection, we find no reason to remand for further *Beechum* findings. We note that in a conspiracy case the mere entry of a not guilty plea raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence.[11] Moreover, a trial court has broad discretion in determining the admissibility of evidence, including its relevance, probative value, and prejudicial effect. *United States v. Vincent.*[12] A district court's ruling on admissibility will not be reversed on appeal absent an abuse of discretion. Although more extensive on-the-record findings would have aided our determination that the trial court considered all the relevant factors under

*Beechum* and Fed.R.Evid. 403, the court's ruling, in the light of the attorneys' arguments on the motion made to the judge out of the jury's presence, was not an abuse of discretion.

## Limiting Instruction to the Jury

■ The defendant next contends that even if the evidence of extraneous acts and offenses was admitted properly, the court's failure to provide an instruction limiting the jury's consideration of this evidence is error warranting reversal of his conviction. Where, as here, a limiting instruction is not requested by defense counsel, the court's failure to provide such an instruction on its own is tested under the plain error standard of Fed.R.Crim.P. 52(b).[13] Under this standard the defendant "must demonstrate that the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice".[14]

Because in our criminal trial system counsel is charged with the important task of safeguarding his client's rights, in these circumstances where counsel for the complaining party has failed to bring a potentially reversible error to the trial court's attention, we limit our inquiry on appeal. Our question is whether "the need for the instruction is obvious and the failure to give it so prejudicial as to affect substantial rights of the accused". *United States v. Garcia.*[15] We are unable to conclude that the court's jury instructions, as a whole, were so deficient that they significantly prejudiced the defendant's rights. Although the trial court should have cautioned the jury to consider the extrinsic act/offense evidence only as it related to

**10.** 700 F.2d at 213–14. In our recent decision in *United States v. Zabaneh*, 837 F.2d 1249, 1262 (5th Cir.1988), we found it appropriate to remand the case to the district court for on-the-record *Beechum* findings in part because the objecting party had requested such findings and because there was substantial uncertainty about the correctness of the court's ruling. Neither of these situations, however, is present in the instant case.

**11.** *United States v. Gordon*, 780 F.2d 1165, 1174 (5th Cir.1986); *United States v. Roberts*, 619 F.2d 379 (5th Cir.1980).

**12.** 648 F.2d 1046, 1051 (5th Cir.1981). *See also United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir.1978).

**13.** *United States v. Martin*, 790 F.2d 1215, 1219 (5th Cir.1986); *United States v. Varkonyi*, 645 F.2d 453, 460 (5th Cir.1981).

**14.** *Varkonyi*, 645 F.2d at 460.

**15.** 530 F.2d 650, 656 (5th Cir.1976).

the defendant's intent, knowledge, or opportunity, it did warn the jury:

> The defendant is not on trial for any *act* or *conduct* or *offense* not alleged in the indictment.

Record, Vol. 7 at 207.

█ Because the calculations in the notebooks did not identify particular prior drug transactions we find that the lack of a specific limiting instruction regarding this evidence did not rise to the level of plain error. Considering the instructions as a whole we also find that the court's numerous cautions regarding the credibility of accomplice Craig's testimony substantially lessened the prejudicial impact of the omitted limiting instruction. Finally, the court carefully instructed the jury concerning the crimes charged in the indictment, the elements of those crimes and what the jury must find to convict the defendant on each count. The jury was fully aware of the charges against the defendant; there is nothing suggesting they were confused about what they could and could not consider. Record, Vol. 7 at 206–11. In short the defendant has not established that the omitted limiting instruction so tainted the jury instructions as a whole that there is a likelihood· that a grave miscarriage of justice occurred in this case.

### Removal of Venire Member for Cause

█ The defendant also argues that his convictions should be reversed because the trial judge erred in granting, over the defendant's objection, the government's challenge for cause of a prospective juror from the venire. Defense counsel objected to removal by contesting the government's characterization that the venire member was convicted of "theft" by issuing a worthless check. Defense counsel did not, however, call to the judge's attention the language of 28 U.S.C. § 1865 which would have alerted the trial judge to the reason why the prospective juror was not disqualified. The effect of the court's error was to provide the government with an extra peremptory challenge. Only in very limited circumstances, not present here, will such an unintentional mistake warrant reversal of a conviction.[16]

The Supreme Court's recent decision, *Ross v. Oklahoma*,[17] sets forth the standard by which we determine the impact of an increase or decrease in the number of a party's peremptory challenges as a result of a court's erroneous ruling on a challenge for cause. In *Ross* the Court made it clear that the pertinent inquiry is whether the jurors that actually sat were impartial as required by the sixth amendment.[18] The court rejected "the notion that the loss of a peremptory challenge constitutes a violation of a constitutional right to an impartial jury".[19] Although peremptory challenges are a means to the end of achieving an impartial jury, "peremptory challenges are not of constitutional dimension".[20]

The defendant does not contend that any of the jurors that served on the panel were not impartial or that his rights were prejudiced. Therefore, although the improper removal of the venire member may have altered the ultimate composition of the panel, this is not a ground for reversing the defendant's convictions.

### Consecutive Sentences

The defendant's final argument meriting

---

16. In death penalty cases improper removal of a member of the venire for cause is scrutinized more closely where removal is based on that person's opposition to the death penalty. *See Ross v. Oklahoma*, 487 U.S. ——, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988); *Gray v. Mississippi*, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987).

17. 487 U.S. ——, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).

18. 487 U.S. at ——, 108 S.Ct. at 2276–2278, 101 L.Ed.2d at 88–89.

19. *Id.*, 487 U.S. at ——, 108 S.Ct. at 2278, 101 L.Ed.2d at 90.

20. *Id.* (citing *Gray v. Mississippi*, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622, *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965)). *See also United States v.*

discussion [21] is that the trial court erred in imposing consecutive sentences for the defendant's convictions for conspiracy to possess cocaine with the intent to distribute (Count 1) and possession with the intent to distribute (Count 2). Notwithstanding his acknowledgement in his brief that these two crimes, contained in separate statutory provisions, each require proof of a fact not required by the other, defense counsel contends that because of the overlapping evidence in this case the offenses are merged. Again, we disagree.

In *Blockburger v. United States* [22] the Supreme Court set forth a test for determining whether Congress intended to impose distinct sanctions for multiple offenses arising in the course of a single transaction. We must examine the elements of the offenses and determine "whether each provision requires proof of a fact which the other does not".[23] It is immaterial that evidence of one offense significantly overlaps the evidence of the other offense.[24]

 The general rule is that conspiracy and the substantive offense are punishable as separate crimes. *Iannelli v. United States.*[25] The defendant urges that we depart from this rule because of his contention that in this case possession was a necessary step to the conspiracy. This argument is meritless. The essence of conspiracy is an agreement with another to commit an offense and an overt act in furtherance of the agreement. In no way was possession of the cocaine "necessary" to the conspiracy here.

In *Curtis v. United States,*[26] this Court considered whether consecutive sentences could be imposed under the same statutory scheme at issue here, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* We observed that the legislative history to this Act is devoid of language suggesting Congress intended to deviate from the normal rule. In fact because the conspiracy at issue here is prohibited in Section 846 and the substantive offense is provided for in Section 841(a), it is likely that Congress recognized the heightened danger associated with a conspiracy involving distribution of a controlled drug and intended separate penalties.[27] We have upheld on numerous occasions consecutive sentences for conspiracy and the related substantive offense, many of which involved drug offenses.[28] We are bound by these precedents and therefore affirm the defendant's sentences.

We AFFIRM the defendant's conviction and sentence on both counts.

*Capua,* 656 F.2d 1033, 1038 (5th Cir.1981). *United States v. Gleason,* 616 F.2d 2, 29 (2nd Cir.1979).

21. We reject the defendant's contention that the Sentencing Guidelines, which became effective November 7, 1987, are applicable as persuasive authority in this case. *See United States v. Byrd,* 837 F.2d 179 (5th Cir.1988). We also find meritless the defendant's argument that his sentence should be overturned because the trial court *may* have relied on inaccurate or unreliable information. The record does not support this argument. *See United States v. Clements,* 634 F.2d 183 (5th Cir.1981); *United States v. Hodges,* 559 F.2d 1389 (5th Cir.1977).

22. 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

23. *Id.* at 304, 52 S.Ct. at 192, 76 L.Ed. at 307.

24. *Id.*

25. 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). *See also Curtis v. United States,* 546 F.2d 1188 (5th Cir.1977).

26. 546 F.2d 1188 (5th Cir.1977).

27. *See United States v. Bommarito,* 524 F.2d 140, 143–44 (2d Cir.1975).

28. *See, e.g., United States v. Hutchins,* 818 F.2d 322, 327 (5th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988); *United States v. Anderson,* 651 F.2d 375, 379 (5th Cir.1981); *United States v. Ocanas,* 628 F.2d 353, 361–62 (5th Cir.1980).