IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40763
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA MUNIZ-REYES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-95-CR-306-5
- - - - - - - - - -
April 15, 1997

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Maria Muniz-Reyes (Muniz) was convicted for conspiracy to possess with intent to distribute marijuana and with possession with intent to distribute marijuana. Muniz contends that the district court erred in admitting evidence of her prior drug dealing activity under Fed. R. Evid. 404(b) at her trial.

This court applies a two-pronged test to determine the admissibility of evidence under Rule 404(b). First, the evidence

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

must be relevant to an issue other than the defendant's character. Second, the evidence must have probative value that is not substantially outweighed by undue prejudice and must otherwise be admissible under Rule 403. United States v. Beechum, 582 F.2d 898, 911 (1978)(en banc). The district court's admission of extrinsic-acts evidence may be reversed only upon a clear showing of an abuse of discretion. United States v. Broussard, 80 F.3d 1025, 1039 (5th Cir.), cert. denied, 117 S. Ct. 264 (1996).

Muniz's plea of not guilty to the conspiracy charge was sufficient to place the issue of her intent at issue. United States v. Prati, 861 F.2d 82, 86 (5th Cir. 1988). Muniz does not assert that the testimony in question was not probative of her intent, rather she simply asserts undue prejudice. Any prejudice that Muniz suffered was minimized by the district court's repeated limiting instructions. United States v. Devine, 934 F.2d 1325, 1346 (5th Cir. 1991). The district court did not abuse its discretion in admitting into evidence the testimony regarding Muniz's prior drug trafficking activity.

AFFIRMED.