United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40483
consolidated w/ 06-40530
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERMAN MARTINEZ-ROSAS,

Defendant-Appellant.

_____

Appeals from the United States District Court for the
Southern District of Texas, Corpus Christi
2:05-CR-681-ALL

_____

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

German Martinez-Rosas, a Mexican national, was charged with
one count of illegal reentry following deportation, in violation of
8 U.S.C. § 1326. At a short jury trial, Martinez-Rosas testified
that he believed, albeit mistakenly, that he had a right to be in
the country. He maintained that a former employer had provided him
with the necessary paperwork and a social security number, but he

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

was unable to provide evidence of either one.  The government introduced evidence showing that Martinez-Rosas had been convicted of illegal reentry on two previous occasions.  After deliberating, the jury found Martinez-Rosas guilty.  At sentencing, the district judge found that Martinez-Rosas, by way of his new conviction, had violated the terms of a previous sentence, and revoked his supervised release from the prior case.  Martinez-Rosas now raises two main arguments on appeal.[1]  First, he argues that evidence of his prior convictions was improperly admitted character evidence, or, alternatively, that the district judge should have given a detailed limiting instruction.  Second, he argues that, because his new conviction is invalid, the revocation of his supervised release was also invalid.

Martinez-Rosas did not object to the introduction of his prior criminal history at trial, so we review it for plain error only. *See United States v. Hernandez-Guevara*, 162 F.3d 863, 870 (5th Cir. 1998).  We will correct forfeited errors when the appellant shows (1) that there was an error, (2) that it was clear or obvious, and (3) that the error affected substantial rights, meaning that it must be prejudicial and affect the outcome of the district court

---

[1]Mr. Martinez-Rosas also includes a third argument, that the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional. He rightly concedes, however, that this argument is presently foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  He raises it here solely to preserve possible review should the Court later revisit that opinion.  Accordingly, we do not consider it further.

proceeding. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 731–35 (1993)). Also, because plain error review is discretionary rather than mandatory, we "should correct a plain error affecting substantial rights only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 870 (quoting *Olano*, 507 U.S. at 736).

Against this backdrop, we find Martinez-Rosas' arguments unavailing. It is beyond doubt that extrinsic evidence of this sort is not admissible to prove the defendant's bad character and action consistent with that character, but it may be introduced for the limited purpose of proving motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. *See* FED. R. EVID. 404(b); *see also Hernandez-Guevara*, 162 F.3d at 870. We have said that Rule 404(b) calls for a two-step test. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*

In this case, the evidence was admissible to prove the defendant's knowledge and the absence of any mistake. The defense theory was that Martinez-Rosas believed that he had a right to be in the country, and the defendant himself testified to that effect.

3

That claim is naturally undermined by evidence that he had been convicted of illegal reentry on two previous occasions, both of which apparently occurred *after* the defendant purportedly received a social security number and other documentation. Along those same lines, the government elicited testimony from the defendant that he had been previously deported to Mexico and warned by an immigration officer not to return to the United States without applying for permission. Our review of the record satisfies us that the evidence of Mr. Martinez-Rosas' past convictions was introduced for an appropriate purpose pursuant to Rule 404(b), and not as substantive proof of his guilt.

We are similarly satisfied that the evidence is more probative than prejudicial, as required by Rule 404(b) and our opinion in *Beechum*. 582 F.2d at 911. Martinez-Rosas never objected on Rule 404(b) grounds, so the district court did not conduct an on-the-record *Beechum* hearing, nor was it required to do so *sua sponte*. *United States v. Greenwood*, 974 F.2d 1449, 1462 n.8 (5th Cir. 1992). As a result, there is nothing in the record that reveals that court's view of the evidence. However, for the reasons set forth above, we are satisfied that the admission of the evidence was proper, and certainly not plain error.

Finally, Martinez-Rosas argues that the district court failed to give a proper limiting instruction on the purpose for which his prior convictions were admitted. Here again the defendant failed

4

to object to the court's instruction or to request an alternative. The court did tell the jury that the defendant was "not on trial for any act, conduct or offense not alleged in the indictment." We have previously expressed our view that this instruction is not ideal, but it does not constitute plain error. *See United States v. Prati*, 861 F.2d 82, 86–87 (5th Cir. 1988). As we said in *Prati*, the district court "should have cautioned the jury to consider the extrinsic act/offense evidence only as it related to the defendant's [knowledge]," but we do not believe the omission of the specific instruction is plain error in this case. *Id.* We note, as we did in *Prati*, that the district court "carefully instructed the jury concerning the crimes charged in the indictment, the elements of those crimes and what the jury must find to convict the defendant on each count." *Id.* In addition, the government presented other evidence showing that Martinez-Rosas was in fact an alien who had been deported and returned without permission. Accordingly, we cannot say that the error, if any, was so severe and prejudicial as to affect the fairness, integrity or public reputation of judicial proceedings.

Because we affirm Martinez-Rosas' conviction, we find no error in the district judge's decision to revoke the defendant's supervised release on the basis of that conviction.

The defendant's conviction and the revocation of his supervised release are AFFIRMED.

5