UNITED STATES of America,
Plaintiff-Appellee,

v.

Felix COX, Defendant-Appellant.
No. 73–2645
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Oct. 11, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Pat E. Dwyer, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction on a guilty plea for unlawfully, knowingly and willfully obstructing and retarding the passage of mail in violation of 18 U.S.C. § 1701 (1970). At the arraignment, appellant was apprised of his eligibility for sentencing under both § 1701, which authorizes a sentence of up to six months and fine of up to one hundred dollars or both, and the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010 (1970), which provides for either probation or commitment up to four years and unconditional discharge on or before six years.

Appellant's first contention is that the trial court erred in not permitting his counsel to inspect the pre-sentence report. It is well established that whether to grant or refuse a request to review the pre-sentence report is discretionary with the trial court. See United States v. Frontero, 452 F.2d 406 (5th Cir. 1971). Appellant fails to show the manner in which such discretion was abused here and we fail to discern any. Our disposition of this contention is buttressed by the fact that appellant failed to request permission to see the pre-sentence report in the district court. See Roeth v. United States, 380 F.2d 755 (5th Cir. 1967).

Appellant's second contention is that his counsel's inability to express a preference to the United States Department of Probation as to the sentence to be imposed resulted in an impairment of his right to counsel. We also find this claim to be without merit.

Judgment affirmed.