Roland H. Hill, Jr., Fort Worth, Tex. (Court-appointed), for defendant-appellant.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, James A. Rolfe, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Danny HODGES, Defendant-Appellant.**

**No. 76–3125.**

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1977.

Before GODBOLD, SIMPSON and GEE, Circuit Judges.

PER CURIAM:

Appellant was convicted on two counts of knowingly and intentionally distributing marijuana in violation of 21 U.S.C. § 841(a)(1). He complains on appeal that his sentence was imposed in violation of Rule 32(c)(3)(A), Fed.R.Crim.P., which requires the court to permit defense counsel, upon request, to read portions of the presentence report and to comment upon any alleged factual inaccuracy contained in the report.[1]

We agree that Rule 32(c)(3)(A) was not complied with here. The record reveals a bona fide effort by defense counsel to request the presentence report at the sentenc-

---

1. Rule 32(c)(3)(A), Fed.R.Crim.P.:

Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon the promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other person; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

ing hearing which was frustrated by the court's proceeding with the imposition of sentence. Although the trial judge revealed some information contained in the report and invited defendant to explain it if he could, this is not satisfactory compliance with new Rule 32(c)(3)(A) which, except as to portions deemed harmful to the defendant or violative of promises of confidentiality, removes the judge's discretion to refuse requested disclosure of presentence reports. We remand for a new sentencing hearing only, at which defendant or his counsel, upon request, should be allowed sufficient time to read the presentence report and to comment on any alleged factual inaccuracy before sentence is imposed.

REMANDED.