UNITED STATES of America, Plaintiff-Appellee,

v.

Danny HODGES, Defendant-Appellant.

No. 77–5239
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Orrin L. Harrison, III, Dallas, Tex. (Court-appointed), for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Diane Cooper, Legal Intern, James A. Rolfe, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

A jury convicted defendant Danny Hodges on two counts of knowingly and intentionally distributing marijuana in violation of 21 U.S.C. § 841(a)(1). The trial court sentenced him to four years' confinement on Count I, with a special parole term of two years, and to three years' probation on Count II, to run consecutively with the sentence in Count I. Hodges appealed. This Court, in *United States v. Hodges*, 5 Cir., 1977, 547 F.2d 951, remanded the case to the district court for resentencing, because the lower court failed to comply with Fed. R.Crim.P. 32(c)(3)(A) in not permitting defense counsel, upon request, to read portions of the presentence report and to comment upon any alleged inaccuracy contained therein. On remand the district court complied with the conditions of our remand and gave the same sentence, except that with respect to Count I, the court provided that defendant shall become eligible for parole "at such time as the [Parole] Commission may determine" pursuant to 18 U.S.C. § 4208. Hodges now appeals a second time on two grounds.

■ First, defendant argues that "the district court erred by resentencing defendant to the same sentences originally imposed failing to recognize misinformation contained in the presentence report and disregarding the good conduct of defendant since original sentencing." Appellant's Brief at 10. Hodges' argument is not only without merit; it is factually in error. The

trial court did not resentence him to the same sentence, but to a considerably more lenient one. Under the provisions of 18 U.S.C. § 4205(b)(2) defendant becomes eligible for parole immediately.

■ Second, Hodges argues that the district court denied him due process because the presentence report contained "highly prejudicial, unsubstantiated, unreliable hearsay, beyond the scope of the charges made against defendant and not relevant to defendant's sentencing." Appellant's Brief at 15. Specifically, defendant refers to allegations in the report that he was engaged in large scale marijuana smuggling operations through Mexico. During the resentencing hearing counsel for defendant challenged these allegations and reported to the district court that they were false. Moreover, the court in no way indicated that it relied on these charges in resentencing Hodges. The rule in this circuit is that the burden is on the defendant to demonstrate that his sentence was founded upon a tainted record, *United States v. Rollerson*, 5 Cir., 1974, 491 F.2d 1209, 1213, *citing Rogers v. United States*, 5 Cir., 466 F.2d 513, *cert. denied*, 409 U.S. 1046, 93 S.Ct. 546, 34 L.Ed.2d 498 (1972), and the defendant must show that the sentencing court actually relied on misinformation in awarding sentence, *United States v. Trevino*, 5 Cir., 1973, 490 F.2d 95, 96, *citing Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Hodges has made no such showing. Accordingly, this Court having found further that the sentence is within the statutory maximum, the judgment of the court below is

AFFIRMED.