UNITED STATES of America,
Plaintiff-Appellee,

v.

Terry Lucas BRICE, Jr.,
Defendant-Appellant.

No. 77–5410

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1977.

Terry L. Brice, Jr., pro se.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

---

* Rule 18, 5 Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant Brice was indicted by a federal grand jury on two counts of mail fraud, 18 U.S.C. § 1341, and one count of wire fraud, 18 U.S.C. § 1343. Represented by privately-retained counsel, he pled guilty to count one of the indictment, whereupon counts two and three were dismissed on motion of the government. Appellant was sentenced to a term of five years imprisonment and a fine in the amount of $1,000, the maximum penalty authorized under § 1341. A motion for reduction of sentence, Rule 35, Fed.R. Crim.P., was denied.

On this direct appeal, appellant argues that he is innocent of the charge for which he was convicted, that he was prejudiced by a delay between the commission of the offense and the indictment, that the government failed to keep a plea bargain and/or that his plea of guilty was induced by an erroneous representation by his attorney, that government counsel is misidentified in the record of the sentence proceedings, and that there were errors in the presentence report.

A plea of guilty knowingly, willingly, and voluntarily entered into waives non-jurisdictional defects that occurred prior to the plea. *United States v. Sepe*, 474 F.2d 784 (5th Cir.), *aff'd*, 486 F.2d 1044 (5th Cir. 1973) (en banc). Thus, this court is precluded from considering appellant's claims as to insufficiency of evidence and pre-indictment delay if appellant's plea of guilty meets this standard of voluntariness.

Appellant has challenged the voluntariness of his plea by virtue of his allegation of an unkept plea bargain. However, appellant did not order transcription of the plea proceedings and these proceedings have not been made part of the record on appeal. The insufficiency of the record precludes our making a ruling on this point. We note that appellant has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the district court. Accordingly, we follow the practice of this court in *United States v. Klein*, 546 F.2d 1259, 1262 (5th Cir. 1977), and pretermit ruling on this point, which appellant may raise in his § 2255 proceeding.[1]

Appellant's remaining claims concern the sentencing proceeding. Clearly, a defendant may not be sentenced on the basis of information which is materially untrue. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). As this court recently determined in a case involving Rule 32(c)(3)(A), Fed.R.Crim.P., which is also applicable here,

> defendant or his counsel, upon request, should be allowed sufficient time to read the presentence report and to comment on any alleged factual inaccuracy before sentence is imposed.

*United States v. Hodges*, 547 F.2d 951, 952 (5th Cir.), *after remand*, 559 F.2d 1389 (5th Cir. 1977). In that case, the record revealed

> a bona fide effort by defense counsel to request the presentence report at the sentencing hearing which was frustrated by the court's proceeding with the imposition of sentence.

*Id.*, at 951–952. Here, the appellant did have an opportunity to examine the presentencing report prior to sentencing. We have carefully reviewed the transcript of the sentencing proceedings and find that the able district judge, prior to imposing sentence, stated

> . . . I want to consider any information that the defendant would like to present and any pleas for leniency made by him or on his behalf.

First Supplemental Record on Appeal, at 2. Both appellant and his retained counsel responded to this invitation and spoke in miti-

---

1. The government's brief, at 7, states that appellant's "proper remedy is a motion to vacate his sentence pursuant to 28 U.S.C. § 2255." The government notes that such a motion has been filed, and reports that the government response thereto "suggested that Appellant's claims were premature, since a direct appeal was also pending." Our resolution of this issue, needless to say, is without prejudice to appellant's right to continue to pursue his collateral remedy.

gation of punishment; neither brought to the judge's attention any inaccuracies in the pre-sentence report or requested additional time to review the report. Nor have appellant's generalized allegations of error in the report demonstrated any prejudice. While we cannot say whether the ten minute period afforded to appellant to study the report was adequate or inadequate,[2] appellant's failure to request additional time and his inability to demonstrate specific errors or any likelihood of prejudice, either during the sentencing proceeding or on this appeal, convince us that a remand for a new sentencing hearing is not justified. *United States v. Hodges,* 559 F.2d 1389 (5th Cir. 1977).

We have considered the appellant's other claims and find them without merit.

AFFIRMED, without prejudice to appellant's postconviction petition.

---

2. The record does not reveal when the request to examine the presentence report was made.