UNITED STATES of America,
Plaintiff-Appellee,

v.

Ricardo Perez RUIZ,
Defendant-Appellant.

No. 78–1166.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1978.

Michael P. Haines, Michael H. Saks, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Jim C. Ezer, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, GEE and HILL, Circuit Judges.

GEE, Circuit Judge:

Ruiz pleaded guilty to two counts of violating federal narcotics laws. His contention on appeal is that the sentencing judge violated Rule 32(c)(3) by not providing him a summary of various undisclosed portions of his presentence report. Appellant complains that this oversight denied him his opportunity, guaranteed by the rule, to rebut any inaccuracies in the undisclosed material on which the judge might have relied in setting sentence.[1]

Appellant's undoing is that neither he nor his attorney ever requested the sentencing judge to make the presentence report available. Defense counsel did ask Ruiz' probation officer for the report, but the rule quite clearly contemplates that, to activate the requirements of the rule, the request must be made to the judge himself, either at the sentencing hearing or by a prior, written motion properly filed before the court.[2] If such a request is denied in

---

1. At times appellant talks in terms of due process violations rather than violations of Rule 32(c)(3); but nowhere does he contend that the rule itself is constitutionally deficient, nor do we entertain any such notion. *See Shelton v. United States*, 497 F.2d 156, 159–60 n.6 (5th Cir. 1974).

2. The first sentence of the rule reads: "Before imposing sentence the court shall *upon request* permit the defendant, or his counsel . . . to read the report of the presentence investigation . . . ." Fed.R.Crim.P. 32(c)(3)(A) (emphasis added). The necessity for such a request to the court was implied in *United States v. Hodges*, 547 F.2d 951 (5th Cir. 1977), when we noted that defendant had correctly

any part, the court then, and only then, has the duty to summarize the undisclosed portion or portions of the presentence investigation.[3] Although we have noted that the Probation Department is an arm of the court,[4] we have never intimated that an informal request made to a probation officer is tantamount to a formal request made to a federal judge during in-court proceedings. Such a rule as Ruiz contends for could result, for example, in putting the court in error by reason of an off-the-record request never even relayed to the judge and of which he was entirely unaware.

Ruiz simply failed to follow the procedure set out in Rule 32(c)(3) and in so doing waived his right to a summary of the undisclosed information, as well as his opportunity to rebut that information. *See United States v. Cox*, 485 F.2d 699 (5th Cir. 1973); *United States v. Warren*, 432 F.2d 772 (5th Cir. 1970); *Roeth v. United States*, 380 F.2d 755 (5th Cir. 1967), *cert. denied*, 390 U.S. 1015, 88 S.Ct. 1266, 20 L.Ed.2d 165 (1968).

Accordingly, the sentence of the district court is

AFFIRMED.

invoked Rule 32(c)(3)(A) by his "bona fide effort . . . to request the presentence report *at the sentencing hearing.*" 547 F.2d at 951–52 (emphasis added).

**3.** Subsection (c)(3)(B) of the rule requires the judge to prepare summaries of all undisclosed information "[i]f the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A)." This latter subdivision mandates disclosure of the report upon request except as to certain kinds of protected information, such as that obtained from a confidential source or any information the disclosure of which might result in harm to the defendant or any other person.

Obviously, the court's duty to summarize information is triggered by its decision to withhold that information—a decision the court never makes unless disclosure is requested first.

**4.** *United States v. Woody*, 567 F.2d 1353, 1358 n.7 (5th Cir. 1978). This observation was made in the course of holding that a sentencing judge may adopt a Rule 32 summary written by a probation officer.