Salvador LARIOS–MENDEZ, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 76–2362.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1979.

Irving A. Chavin, Las Vegas, Nev., for petitioner.

Lauri S. Filppu, Washington, D.C., for respondent.

Before ELY, CARTER and KENNEDY, Circuit Judges.

PER CURIAM:

A United States border patrol officer, patrolling an area of Arizona close to the

international border, stopped an automobile driven by Salvador Larios-Mendez, the petitioner, on April 18, 1975. The officer questioned the petitioner about his immigration status. The petitioner presented documentation showing he was an alien lawfully admitted for permanent residence.

The officer then questioned the two passengers who were in the car with petitioner. Initially they told him they were born in Yuma, but after a few more questions the female passenger admitted that she and her brother, the other passenger, were citizens of Mexico. They did not have documents to prove lawful entry into the United States. The officer arrested the illegal aliens and asked petitioner to follow him to the station. At the border patrol station the alien passengers and the petitioner were given *Miranda* warnings. Statements were taken from all three which incriminated petitioner. The statements, taken in the form of affidavits, were to the effect that the petitioner had met the alien passengers at a hotel in Mexico; that he received a total of $440 from them and then took them to a point at the border where the aliens crossed into the United States; that thereafter the petitioner drove his car back to the United States, met the passengers at a motel, and began to transport them to Las Vegas.

A criminal complaint was filed charging the petitioner with aiding and abetting the illegal entry of aliens into the United States, in violation of 8 U.S.C. § 1325 as a principal under 18 U.S.C. § 2. After being advised of his rights, petitioner pleaded guilty before a United States magistrate, and was sentenced.

The Immigration Service instituted deportation proceedings against the petitioner by the issuance of the Order to Show Cause, charging deportability under 8 U.S.C. § 1251(a)(13). That section provides:

Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who—

. . . . . .

prior to, or at the time of any entry, or at any time within five years after any en-

try, shall have, knowingly *and for gain,* encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law . . . .

(Emphasis supplied).

The evidence introduced by the Government at the deportation hearing included the criminal complaint, the guilty plea, and the judgment of conviction. The Government also introduced affidavits given by the two aliens and testimony from one of the aliens, who was present at the hearing. After the hearing, petitioner was ordered deported and an administrative appeal was dismissed by the Board of Immigration Appeals.

The principal contention of the petitioner in the proceedings below and on this appeal is that the evidence from the aliens was necessary to establish that he assisted their entry for gain and that such evidence should have been excluded because it was derived from the initial stop, which allegedly violated the fourth amendment. We conclude that there is sufficient evidence to support the Board's order without reference to the challenged statements, and therefore we affirm without considering whether the statements in question were the fruits of an illegal stop or arrest or whether the exclusionary rule of the fourth amendment should be applied in the civil proceeding to suppress relevant evidence.

The complaint to which Larios-Mendez pleaded guilty controls our disposition. The complaint charged that Larios-Mendez

did knowingly, wilfully, unlawfully, aid, abet and assist aliens, . . . to enter the United States at a time or place not designated by Immigration officers, a misdemeanor, in violation of Title 8 USC 1325 as a principal under 18 USC 2. . . . [T]his complaint is based on the arrest of the defendant April 18, 1975 [sic] near Somarton, Arizona driving a 1968 Ford in which he was transporting two illegal aliens and their admission that *he made arrangements with them in Mexico to help them enter the United States for gain.*

(Emphasis supplied). By pleading guilty a defendant admits the material facts alleged in the information or complaint and waives all constitutional claims that might have precluded the prosecution from establishing factual guilt had the case gone to trial. *Launius v. United States*, 575 F.2d 770, 771 (9th Cir. 1978); *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971); *Davis v. United States*, 392 F.2d 291, 292 (9th Cir.), *cert. denied*, 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447 (1968). Larios-Mendez pleaded guilty to a complaint which alleged as a material fact that he transported illegal aliens into the United States for gain. At petitioner's deportation hearing, the criminal complaint and his prior guilty plea were introduced into evidence. This properly admitted evidence was by itself wholly adequate to support deportation under section 1251(a)(13). Any error in admitting the challenged evidence was harmless.

The decision of the Board of Immigration Appeals is AFFIRMED.