758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
FRANK L. HASKINS, DEFENDANT-APPELLANT.
 NO. 84-1570
 United States Court of Appeals, Sixth Circuit.
 2/21/85
 ORDER
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges; and PORTER, Senior District Judge.*
 
 
 2
 This case is before the Court for consideration of defendant's motion for appointment of counsel on appeal from an order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and defendant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In his motion to vacate sentence, defendant presents three claims:
 
 
 4
 1. That he did not understand the nature of the charge to which he pleaded guilty and that his lack of understanding was due to ineffective assistance of counsel. Specifically, he claims that to be guilty of engaging in a continuing criminal enterprise one must both manufacture and distribute controlled substances and that his attorney was derelict in not advising him of that fact prior to entering his plea of guilty.
 
 
 5
 2. That there was insufficient evidence to convict him of the continuing criminal enterprise charge and that, therefore, the plea of guilty was involuntary in that no factual basis for the plea was established.
 
 
 6
 3. That the Government's failure to specify 21 U.S.C. Sec. 848 (the continuing criminal enterprise statute) in its wiretap application required dismissal of the charge and, hence, the vacating of his sentence.
 
 
 7
 For the reasons stated in the district court's opinion of July 18, 1984, we find defendant's first and third contentions to be without merit. For various reasons, defendant's second contention is likewise without merit. First, by pleading guilty, defendant admitted the material facts alleged in the indictment. See Larios-Mendez v. Immigration and Naturalization Service, 597 F.2d 144 (9th Cir. 1979); United States v. Brice, 565 F.2d 336 (5th Cir. 1977). Secondly, in its opinion denying defendant's motion to reduce sentence under Rule 35, Federal Rules of Criminal Procedure, the district court stated that defendant 'was the only defendant in the case against whom the government had sufficient evidence to proceed with continuing criminal enterprise charges.' Thirdly, from our review of the transcript of defendant's plea hearing, it appears that a proper factual basis for the plea was established and that the plea was entered knowingly and voluntarily.
 
 
 8
 It appearing, therefore, that the questions on which decision of the cause depends are so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 9
 It is ORDERED that defendant's motion for appointment of counsel is denied and the final order of the district court is hereby affirmed.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation