941 F.2d 1207
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MELVIN EVANS, Defendant-Appellant.
 No. 90-5524.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 17, 1991
Decided: August 29, 1991
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 David W. Bouchard, Chesapeake, Virginia, for Appellant. Henry E. Hudson, United States Attorney, Richard Pietrofeso, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Melvin Evans appeals his conviction and sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. Evans raises two claims in this appeal. First, he claims that double jeopardy was violated because the cocaine seized during his arrest was the same cocaine for which he received a state conviction. Evans also claims that he should be resentenced because erroneous information in his pre-sentence investigation report (PSI) was both considered and relied upon by the district court when imposing sentence. Because both claims lack merit, we affirm.
 
 
 2
 * We deal first with Evans's claim that his federal conviction violated double jeopardy. Although Evans has maintained that the cocaine seized during his federal arrest in March 1986 was the same cocaine which had been seized by state officials a short time earlier during a raid which resulted in a Chesapeake Circuit Court conviction, testimony at the sentencing hearing clearly supports the district court's finding that different cocaine was involved in Evans's state and federal prosecutions. Because this finding was not clearly erroneous, we dismiss this claim.*
 
 II
 
 3
 We now turn to Evans's second claim. Before his sentencing hearing, Evans objected to a statement in the PSI that charged him with knowledge of three murders committed by members of the drug conspiracy of which he was a mid-level member (the Harris organization). At his August 1990 sentencing hearing, Sergeant Elvis T. Lewis stated that witnesses (whom he did not identify) told him about comments Evans had made concerning the murder of Roland Scott Harvey only days after Harvey's May 1986 murder. The record before the district court did not contain information regarding the identity of the witnesses who provided this information, the reason their identity was not disclosed, or the reason why the information was considered reliable.
 
 
 4
 After Sgt. Lewis finished testifying, the district court made a factual finding on the challenged information in the PSI, pursuant to Fed. R. Crim. P. 32. Despite Evans's objections, the district court found that Evans did in fact have knowledge of the three murders committed by the Harris organization.
 
 
 5
 When imposing sentence at the conclusion of the hearing, the district court noted that Evans's participation in this conspiracy was a factor it considered when determining Evans's sentence. Evans received an 18-year prison sentence and a 3-year special parole term.
 
 
 6
 For a defendant whose sentencing is not controlled by the federal guidelines which became effective in 1987, any sentence within statutory limits is generally permissible, unless it is based on misinformation which is constitutionally defective. United States v. Bernard, 757 F.2d 1439 (4th Cir. 1985). See United States v. Tucker, 404 U.S. 443 (1972). A sentencing court has virtually unlimited discretion in the type and sources of information it may consider when imposing sentence. United States v. Grayson, 438 U.S. 41, 50 (1978); United States v. Woods, 812 F.2d 1483 (4th Cir. 1987). Hearsay evidence may be considered at sentencing. United States v. Cardinal, 782 F.2d 34, 37, cert. denied, 476 U.S. 1161 (6th Cir. 1986); United States v. Hill, 766 F.2d 856, 857-58 (4th Cir.) cert. denied, 474 U.S. 923 (1985). Any information which has sufficient indicia of reliability to support its probable accuracy may be considered by the sentencing court; however, unreliable allegations may not be considered. United States v. Lee, 540 F.2d 1205, 1211 (4th Cir.), cert. denied, 429 U.S. 894 (1977). But see United States v. Fatico, 579 F.2d 707, 713-14 (2d Cir. 1978).
 
 
 7
 Although the Due Process Clause forbids reliance on materially false or unreliable information in imposing sentence, Townsend v. Burke, 334 U.S. 736 (1948); Lee, supra, a defendant raising a due process claim that the district court relied on untrue information when imposing his sentence must prove that the sentencing judge relied, at least in part, on this information. United States v. Rachels, 820 F.2d 325, 327-28 (9th Cir. 1987). The burden is on the defendant to demonstrate that the court has improperly relied on the challenged information in imposing sentence. United States v. Hodges, 559 F.2d 1389 (5th Cir. 1977).
 
 
 8
 Here, Evans has not met his burden of showing that the district court relied on the disputed information at sentencing. Therefore, we must dismiss this claim as well.
 
 III
 
 9
 In conclusion, we affirm Evans's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 It is constitutionally permissible for both the federal government and a state to prosecute the same person for the same act. Abbate v. United States, 359 U.S. 187 (1959). Therefore, even if, arguendo, the same cocaine was involved in Evans's state conviction, no constitutional violation resulted from the federal conviction