961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda Yvonne ARMSTRONG, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-55888.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided April 28, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brenda Armstrong appeals pro se the district court's denial of her motion to vacate sentence under 28 U.S.C. § 2255. Armstrong was sentenced to 78 months in prison after she unconditionally pled guilty to possession of cocaine base with intent to distribute. The government agreed to drop count one of the indictment if she pled guilty to count two. Armstrong challenges her sentence on three grounds: (1) entrapment, (2) invalid search warrant, and (3) lack of intent. She also argues that the district court erred in denying her the opportunity to withdraw her plea.
 
 
 3
 Armstrong was approached by an undercover police officer and a police informant in her residence. The informant asked if Armstrong had any rock cocaine to sell. Armstrong then sold the informant some cocaine base. Based on this information the police officer obtained a search warrant. Police returned to the residence and discovered approximately 47 grams of cocaine base.
 
 
 4
 We review de novo a district court's denial of a § 2255 motion. Shah v. United States, 878 F.2d 1156, 1157 (9th Cir.1989), cert. denied, 110 S.Ct. 195 (1989).[1]
 
 
 5
 By pleading guilty to the offense, Armstrong admitted the material facts alleged in the indictment and waived all constitutional claims that may have prevented the prosecution from establishing guilt had the case gone to trial. Larios-Mendez v. Immigration and Naturalization Service, 597 F.2d 144, 146 (9th Cir.1976). See also, Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.1985), cert. denied, 474 U.S. 981 (1985) (A person who voluntarily pleads guilty to a criminal charge may not seek habeas corpus relief on the basis of pre-plea constitutional violations). Armstrong's unconditional guilty plea constitutes a waiver of her Fourth Amendment claim. United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir.1986).
 
 
 6
 Entrapment is a defense which must be raised at trial. It is not an issue which can be raised to attack a judgment collaterally by a motion to set aside or correct sentence. Matysek v. United States, 339 F.2d 389, 391 (9th Cir.1964), cert. denied, 381 U.S. 917 (1965). Armstrong's failure to raise the issue at trial precludes her from raising it now.
 
 
 7
 Finally, Armstrong's unconditional guilty plea admitted the element of intent. United States v. Kidder, 869 F.2d 1328, 1332-1333 (9th Cir.1989). She may not now argue that she lacked intent. Id.
 
 
 8
 We have considered all of appellant's contentions and find them procedurally barred.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Armstrong raises for the first time on appeal the issue of the withdrawal of her guilty plea. This argument was not raised in her § 2255 motion to the district court and may not be raised for the first time here. U.S. v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). See also, U.S. v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). A district court's failure to set aside a plea is reviewed for manifest injustice. United States v. Baker, 790 F.2d 1437 (9th Cir.1986). Armstrong has alleged nothing that suggests manifest injustice in the negotiations that led to her plea