43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James BARNES, Defendant-Appellant.
 No. 94-5009.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Barnes appeals from the district court's denial of his motion to vacate or correct his sentence. We affirm.
 
 
 3
 Barnes was convicted for conspiracy to manufacture, possess, and distribute methamphetamine, as charged in count two of the indictment. We affirmed his conviction on direct appeal in United States v. Barnes, 986 F.2d 1430 (10th Cir.1993) (unpublished). Barnes then brought this collateral attack pursuant to 28 U.S.C. 2255, arguing that his sentence should be vacated and/or modified. The district court denied Barnes' motion without holding an evidentiary hearing. On appeal, Barnes generally asserts (1) that the various allegations in his 2255 motion entitle him to collateral relief; and (2) that the district court abused its discretion in failing to hold an evidentiary hearing on the matter.
 
 I.
 
 4
 Barnes first contends that his conviction was improperly obtained and should be vacated because the indictment was defective in that it did not, under the "overt acts" attributed to Barnes, allege the essential element of "intent." Moreover, he claims that the proof offered at trial was at variance with the indictment, violating his right to be "tried only on charges presented in an indictment returned by a grand jury.' " Appellant's Motion, R. Vol. I, Doc. 223 at 3 (quoting Stirone v. United States, 361 U.S. 212, 217 (1960)).
 
 
 5
 Although not addressed below or raised by the government on appeal, the issue of procedural bar is pertinent. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994); United States v. Walling, 982 F.2d 447, 448 (10th Cir.1992); United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). We may raise this procedural bar, and enforce it sua sponte, if doing so furthers "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice.' " Allen, 16 F.3d at 378-79 (quoting Hines v. United States, 971 F.2d 506, 509 (10th Cir.1992)). Accordingly, a defendant's failure to present an issue on direct appeal bars him from raising the issue in his 2255 motion, "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). In the present case, Barnes has failed to establish, or even allege, good cause for his failure to claim on direct appeal that the indictment was defective. Therefore, we conclude that Barnes waived his right to raise this matter for the first time in his 2255 motion.
 
 
 6
 Barnes' claim, however, would fail in any event. Count two of the indictment provides:
 
 
 7
 Beginning in or about May, 1986, and continuing until December, 1989, in the Northern District of Oklahoma and elsewhere ... JAMES BARNES ... did willfully and knowingly combine, conspire confederate and agree together and with others, both known and unknown to the Grand Jury, to commit offenses against the United States of America, in violation of Title 21 United States Code 846, as follows:
 
 
 8
 (1) To knowingly and intentionally manufacture methamphetamine....
 
 
 9
 (2) To knowingly and intentionally possess with intent to distribute methamphetamine....
 
 
 10
 (3) To knowingly and intentionally distribute methamphetamine....
 
 
 11
 Count Two, Indictment filed May 9, 1991, Appellant's Motion, R. Vol. I, Doc. 223, Ex. A at 3. The requisite element of "intent" is clearly set forth in count two of the indictment and need not be additionally alleged in the language setting forth the overt acts. Furthermore, Barnes' assertion that "an overt act is required for a conspiracy prosecution," Appellant's Motion, R. Vol. I, Doc. 223 at 4-5, is also erroneous. The Supreme Court has recently held that "[i]n order to establish a violation of 21 U.S.C. 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, 115 S.Ct. 382, 385 (1994); see also United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir.1988).
 
 
 12
 Barnes also asserts that he had ineffective assistance of counsel at his sentencing hearing. After Barnes' jury verdict of guilty, a different attorney entered an appearance on behalf of Barnes; it was this second attorney that represented Barnes at the sentencing hearing. Barnes claims that his original attorney's failure to make certain police investigation reports available rendered the second attorney uninformed and ineffective. Barnes contends that, had the second attorney received these reports, he could have investigated their contents and objected to certain findings in the presentence report.
 
 
 13
 An ineffective assistance claim has two components. "First, [claimant] must show that counsel's performance was deficient.' " United States v. Owens, 882 F.2d 1493, 1501 (10th Cir.1989) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)). The proper standard for attorney performance is "that of reasonably effective assistance." Strickland, 446 U.S. at 686. The Supreme Court mandates that judicial scrutiny of counsel's performance must be highly deferential and "we must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " Owens, 882 F.2d at 1501 (quoting Strickland, 446 U.S. at 686). Second, "it is not enough ... to show that the error had some conceivable effect on the outcome of the proceeding." Strickland, 446 U.S. at 686 (emphasis added). The claimant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
 
 
 14
 We agree with the district court's conclusion that counsel's performance at the sentencing hearing did not fall below an objective standard of reasonableness. Furthermore, even assuming counsel's performance was deficient, Barnes has not demonstrated that the alleged deficiency deprived him of a "reliable result." See id. Moreover, at the sentencing hearing the court specifically asked Barnes whether he was satisfied that his new counsel was "fully cognizant of and knowledgeable about the matter" so that he could adequately represent Barnes at the sentencing. R. Vol. II at 3. Following Barnes' affirmative reply, the court granted trial counsel leave to withdraw. See id. Consequently, we conclude that Barnes was not denied effective assistance of counsel.
 
 
 15
 Next, Barnes' 2255 motion alleges that the sentencing court improperly computed his base level offense by erroneously attributing to him seventeen pounds of methamphetamine. At the time of sentencing, however, not only did Barnes fail to object to the amount attributed to him in the presentence report, but he also indicated that he had read the report and that it was in fact "accurate" and "correct." R. Vol. II at 3. Additionally, he did not raise any sentencing issues on direct appeal. See United States v. Barnes, 986 F.2d 1430 (10th Cir.1993) (unpublished). The first time Barnes alleges error in the presentence report is in his 2255 motion.
 
 
 16
 The Frady procedural bar applies to a defendant's collateral attack on his sentence, just as it does to an attack on his conviction. Allen, 16 F.3d at 378; Walling, 982 F.2d at 448-49; see also United States v. Edmondson, 818 F.2d 768, 769 (11th Cir.1987) (providing that where a criminal defendant fails to challenge information contained in a presentence report at the time of sentencing, defendant may not subsequently challenge the accuracy of the presentence report); United States v. Ruiz, 580 F.2d 177, 178 (5th Cir.) (same), cert. denied, 439 U.S. 1051 (1978). Although attorney error may, in some circumstances, constitute sufficient cause to excuse defendant's failure to raise an issue on direct appeal, see Cook, 997 F.2d at 1320, our conclusion that Barnes' ineffective assistance of counsel claim is non-meritorious precludes such a finding. See Walling, 982 F.2d at 449 (providing that attorney error must rise to the level of ineffective assistance of counsel under Strickland standard for defendant to overcome failure to raise a claim on direct appeal). Thus, Barnes is procedurally barred from raising this issue in his 2255 motion.[2]
 
 
 17
 Additionally, Barnes claims for the first time on this appeal that his sentence was improper because he did not receive an adjustment for "acceptance of responsibility" after he agreed, at sentencing, that the presentence report was accurate. We decline to address this issue, as it was not presented to the district court. Mendoza-Lopez, 7 F.3d at 1485 n. 2.
 
 II.
 
 18
 Regarding the court's failure to hold an evidentiary hearing, 2255 provides that the district court must conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255. We review a decision of the district court denying an evidentiary hearing for abuse of discretion. United States v. Barboa, 777 F.2d 1420, 1422 & n. 2 (10th Cir.1985). After carefully reviewing the record and the issues presented, we conclude that the district court did not abuse its discretion when it declined to hold an evidentiary hearing in this matter.
 
 
 19
 The judgment of the district court is AFFIRMED. Appellant's motion to supplement the record is GRANTED regarding the presentence report and DENIED regarding the records from other cases.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Related to this claim, Barnes attempts to raise a new issue on appeal regarding the subsequent perjury conviction of a government witness. We decline to address issues that were not presented to the district court. See United States v. Mendoza-Lopez, 7 F.3d 1483, 1485 n. 2 (10th Cir.1993), cert. denied, 114 S.Ct. 1552 (1994). "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976)