IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11487
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO LOPEZ, also known as Nestor,
also known as Ernesto Lnu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-409-P-24

_____

February 3, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose A. Stewart has moved for leave to withdraw as court-appointed counsel for Ernesto Lopez and filed the brief required by *Anders v. California*, 386 U.S. 738, 744 (1967). Lopez has filed a notice of appeal to challenge his sentence.

Lopez' brief in response states that his presentencing report included convictions that are not his, and that his sentence was determined on the basis of an incorrect criminal history category. Lopez states that he informed Stewart of these inaccuracies before sentencing, and that Stewart said he would ensure that the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions were not considered in deciding Lopez' sentence. Lopez argues that he was denied effective assistance of counsel because Stewart did nothing about the mistaken information in his presentencing report.

An ineffective assistance of counsel claim will not be considered on direct appeal when the issue was not raised in the district court unless the record is well-developed, because otherwise the court must speculate about the reasons for the attorney's decisions. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991)(requiring "substantial details about the attorney's conduct"). Lopez's brief includes letters to Stewart and the probation officer asserting that the presentencing report lists convictions that are not his. These letters do not provide the kind of record necessary to consider his claim on direct appeal.[1]

Lopez claims that he was sentenced on the basis of false information in his sentencing report. "[A] defendant may not be sentenced on the basis of information which is materially untrue." *United States v. Brice*, 565 F.2d 336, 337 (5th Cir. 1977). However, he did not object to the presentencing report at his sentencing hearing. When a defendant fails to object to the district court's calculation of his criminal history category, his appeal of the claim is reviewed for plain error. *See United States v. Lopez*, 923 F.2d 47, 49 (5th Cir. 1991). Plain error is clear

---

[1]Lopez' claim would be more appropriately raised in a proceeding under 28 U.S.C. § 2255.

and obvious error that affects a party's substantial rights. *See United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Because Lopez offers nothing but his contention that the criminal history on his presentencing report is not his, there is no clear and obvious error.

Our independent review of the briefs and record discloses no nonfrivolous issue for appeal. Accordingly, the motion to withdraw is GRANTED and the APPEAL IS DISMISSED.

MOTION TO WITHDRAW GRANTED; APPEAL DISMISSED.