[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2001
THOMAS K. KAHN
CLERK

_____

No. 99-15326

_____

D. C. Docket No. 99-08151-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINIC BERNARDINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 8, 2001)**

Before COX, WILSON and KRAVITCH, Circuit Judges.

WILSON, Circuit Judge:

Dominic Bernardine appeals his conviction for criminal contempt in violation of 18 U.S.C. § 401(3). We affirm for the reasons below.

# I. BACKGROUND

Bernardine was convicted of conspiring to deal in firearms without a licence and making false statements to a federally-licensed firearms dealer. He was sentenced to 46 months of imprisonment to be followed by three years of supervised release. Bernardine served his incarcerative sentence and was released from prison. He began serving his term of supervised release.

During the pendency of his supervised release, Bernardine allegedly violated the conditions of his release by failing to submit to scheduled drug tests, failing to report weekly to his probation officer, failing to maintain regular employment, and remaining unemployed for a period of more than thirty days. Outlining the alleged violations, his probation officer petitioned the district court for a summons for an offender under supervision requiring Bernardine to appear before the court for a supervised release violation hearing so that the court could determine whether he had committed the alleged violations. The probation officer recommended revocation of Bernardine's supervised release.

The district judge signed the bottom of the petition which contained the following section:

THE COURT ORDERS:

[ ] No Action
[ ] The Issuance of a Warrant

[ ] The Issuance of a Summons
[ ] Submit a Request for Modifying the Conditions or Term of Supervision

The judge placed an "X" in the space next to "The Issuance of a Summons."

In response to this order, the probation officer scheduled an initial hearing for Bernardine before a magistrate judge on February 11, 1998. He telephoned Bernardine and directed him to appear at the probation office on February 3, 1998. When Bernardine went to the probation office, the probation officer presented and read to him a copy of the petition for offender under supervision and a written "Summons to Appear" before a specified magistrate judge at a specified place on February 11, 1998 at 9:30 for the violation of supervised release hearing. Bernardine acknowledged receipt of the notice by signing and dating the bottom. The probation officer also orally advised Bernardine to appear before the magistrate judge and at a later date, reminded him to appear. Bernardine said that he would appear.

Bernardine failed to appear at his scheduled hearing before the magistrate judge on February 11, 1998. The magistrate judge issued a bench warrant for his arrest. Almost a year later, on February 10, 1999, Bernardine appeared before a magistrate judge and acknowledged that he violated his supervised release conditions. On March 1, 1999, the district court found that Bernardine had committed the violations, and thus revoked his supervised release.

The government later indicted Bernardine for contempt in violation of 18 U.S.C. § 401(3), alleging that "[o]n or about February 11, 1998 . . . the defendant . . . knowingly and willfully, and in disobedience to and resistance to lawful orders, and commands of the United States District Court . . . did fail to appear for an initial appearance on a violation of supervised release as ordered by the Court . . . ." On December 9, 1999, Bernardine was tried on this charge in a non-jury trial before a district judge.

Bernardine moved for a judgment of acquittal on the ground that the government failed to prove that a reasonably specific, valid order or summons had been issued by a judge. The court determined that the probation officer was acting under the authority of the district judge when he issued the summons. The court denied the motion, found Bernardine guilty as charged, and sentenced him to serve five years of probation.

On appeal, Bernardine contends that the government failed to prove an essential element of the contempt charge–that the court entered a lawful order of reasonable specificity. According to Bernardine, the order entered by the court could not support a contempt prosecution because it did not specify a date, time and place of appearance. Moreover, Bernardine contends that the "summons to appear" was issued by the probation officer rather than the district court; it did not

4

comply with the Federal Rules of Criminal Procedure 4 and 9[1]; and it was not signed by a judicial officer. Therefore, it was not a lawful court order, the disobedience of which can support a prosecution under 18 U.S.C. § 401(3).

## II. DISCUSSION

In reviewing the sufficiency of the evidence in support of a 18 U.S.C. § 401(3) violation, we determine whether the evidence, when construed in the light most favorable to the government, would permit a jury to find the defendant guilty beyond a reasonable doubt. *See United States v. Maynard*, 933 F.2d 918, 920 (11th Cir. 1991).

18 U.S.C. § 401 provides in pertinent part:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as--
> . . .
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

---

[1] Bernardine's contention that the summons did not comply with Rules 4 and 9 is without merit and necessitates only brief discussion. Rule 4 pertains to summons upon complaint and Rule 9 pertains to summons upon indictment or information. *See* Fed. R. Crim. P. 4; Fed. R. Crim. P. 9. No other rule of criminal procedure, relevant statute or case law supports the application of Rules 4 or 9 in the context of a supervised release violation hearing where the court already has supervisory jurisdiction and authority over the defendant. A sentencing court "has supervisory power over the defendant's term of supervised release." *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998); *see also United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999) ("A district court has supervisory authority over and maintains a relationship of trust with a defendant on supervised release."), *cert. denied*, 528 U.S. 982 (1999).

18 U.S.C. § 401(3).

To support a § 401(3) conviction, "'the government must prove: (1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and (3) the violation was willful.'" *Maynard*, 933 F.2d at 920 (citation omitted); *See also United States v. KS & W Offshore Eng'g, Inc.*, 932 F.2d 906, 909 (11th Cir. 1991) ("The essential elements of criminal contempt are a lawful and reasonably specific order of the court and the willful violation of that order.").[2] The reasonable specificity element involves a factual inquiry that "'must be evaluated in the context in which it is entered and the audience to which it is addressed.'" *In re McDonald*, 819 F.2d 1020, 1024 (11th Cir. 1987) (citation omitted). An order, command or decree under § 401(3) "meets the 'reasonable specificity' requirement only if it is 'clear, definite and unambiguous' [in] requiring the action in question." *Bush Ranch Inc. v. E.I. Dupont De Nemours & Co.*, 99 F.3d 363, 370 (11th Cir. 1996).

The "order" issued by the court was not reasonably specific. It was part of the probation officer's petition and contained the phrase: "The court orders;" followed by a list of four choices from which the court could select. The district

---

[2] "Willfullness" is a "deliberate or intended violation" rather than one that is "accidental, inadvertent or negligent. . . ." *United States v. Baldwin*, 770 F.2d 1550, 1558 (11th Cir. 1985) (citation omitted). Berndardine does not dispute the intent element of the contempt conviction.

court placed an "X" next to the choice designated "Issuance of a Summons." This order does not contain the time or place of appearance or any other details related to the appearance. However, the notice issued by the probation officer does contain such details. It clearly, definitely, and unambiguously notes the date, time and place of appearance as well as the name of the magistrate judge before whom Bernardine was required to appear. Thus, it meets the reasonable specificity requirement.

The issue before us, then, is whether the probation officer's reasonably specific notice, regardless of its appellation as a "summons to appear," can be construed as a "lawful writ, process, order, rule, decree or command" of the court–a necessary element for a contempt prosecution under § 401(3). *See* 18 U.S.C. § 401(3).

As utilized in § 401(3), we construe the terms "lawful writ, process, order, rule, decree, or command" to be instruments entered by a court or pursuant to its authorization. In the instant case, the court clearly ordered the issuance of a summons. It did not itself issue the summons or direct the clerk of court to do so. Instead, it authorized the probation officer to issue a summons requiring Bernardine to appear at a supervised release violation hearing. The court did not expressly direct the probation office to issue the summons. However, it did so

7

implicitly by responding to the probation officer's petition, ordering the issuance of the summons, and signing the order. The probation officer testified that by issuing the summons, he was acting at the direction of the district court.

Our inquiry is one of first impression–whether a court can lawfully delegate to a probation officer the task of issuing a summons. We determine that a court can delegate this duty to a probation officer. A probation officer is appointed by the district court and acts "within the jurisdiction and under the direction of" the appointing court. 18 U.S.C. § 3602 (a). The court may remove an appointed probation officer. *See id.* A probation officer is an "arm of the court." *United States v. Ruiz*, 580 F.2d 177, 178 (5th Cir. 1978);[3] *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998). He is "a liaison between the sentencing court, which has supervisory power over the defendant's term of supervised release, and the defendant, who must comply with the conditions of his supervised release or run the risk of revocation." *Id*. at 1306-07.

In addition to other enumerated duties, a probation officer is statutorily mandated to "perform any other duty that the court may designate." 18 U.S.C. § 3603(10). We construe this catch-all provision broadly and hold that it

---

[3] We have adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

encompasses the express or implied authorization by a district court to a probation officer to issue a defendant a summons to appear at a supervised release violation hearing. However, "the catch-all provision" is not all encompassing. A court may not delegate a judicial function to a probation officer. Such a delegation would violate Article III of the United States Constitution. *See Davis*, 151 F.3d at 1307; *United States v. Kent*, 209 F.3d 1073, 1078 (8th Cir. 2000) (Section 3603(10) is broad, but "it is limited by the probation officer's status as a nonjudicial officer.").

We find no improper delegation of judicial authority in this case because by ordering the issuance of a summons, the court directed the probation officer to perform a ministerial act or support service.

> While the statute does authorize the district court to order the probation officer to perform such duties as the court directs, . . . the type of duty that the court may so delegate is limited by Art. III. Cases or controversies committed to Art. III courts cannot be delegated to nonjudicial officers for resolution. That general principle does not, however, prohibit courts from using nonjudicial officers to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility. . . . But in every delegation, the court must retain the right to review findings and to exercise ultimate authority for resolving the case or controversy.

*United States v. Johnson*, 48 F.3d 806, 808-09 (4th Cir. 1995) (internal citations omitted), *declined to follow on other grounds*, *United States v. Fuentes*, 107 F.3d 1515, 1529 (11th Cir. 1997) ("our precedent clearly authorizes delegation of payment schedules to the probation office"). For purposes of efficiency, district

9

courts "must be able to rely as extensively as possible on the support services of probation officers." *Johnson*, 48 F.3d at 809.

In the instant case, the court retained and exercised the ultimate responsibility regarding whether a summons to appear would be issued. The probation officer petitioned the court for a summons to be issued. Based on the facts and circumstances before it, the court, "not the probation officer, ultimately determine[d] whether revocation proceedings [would] be initiated," *Davis*, 151 F.3d at 1307, and whether a summons would be issued. The probation officer merely acted as an extension of the court for purposes of Bernardine's supervision. *See United States v. Johnson*, 935 F.2d 47, 49 (4th Cir. 1991).

## III. CONCLUSION

For the foregoing reasons, we conclude that although the district court's order directing the issuance of a summons was not itself reasonably specific, the summons to appear, which was issued by the probation officer pursuant to the court's authorization, constituted a lawful order or command by the court to Bernardine. As such, Bernardine was obligated to comply with it. His failure to appear at the duly noticed supervised release violation hearing properly predicated his criminal contempt charge. The government proved the elements required for a conviction under § 401(3) beyond a reasonable doubt.

AFFIRMED.