Antonio GRANADOS–MONDRAGON,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71652.

INS No. A91–285–858.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 14, 2001.

Submission Deferred Aug. 14, 2001.

Submitted Jan. 17, 2002.

Decided Jan. 17, 2002.

Politz, Circuit Judge, dissented.

Before POLITZ,* KOZINSKI, and
O'SCANNLAIN, Circuit Judges.

## ORDER

This case is ordered resubmitted effective today.

## MEMORANDUM **

It is "settled law in this circuit that a guilty plea may be used to establish

---

* The Honorable Henry A. Politz, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

issue preclusion in a subsequent civil suit." *United States v. Section 18*, 976 F.2d 515, 519 (9th Cir.1992); *see also United States v. $31,697.59 Cash*, 665 F.2d 903, 904 (9th Cir.1982); *United States v. Bejar–Matrecios*, 618 F.2d 81, 83–84 (9th Cir.1980); *Ivers v. United States*, 581 F.2d 1362, 1367 (9th Cir.1978). Granados argues that *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), limited the doctrine of collateral estoppel to issues that are "actually litigated," as opposed to plea-bargained. *Id.* at 316. *Haring*, however, merely clarified that the doctrine "precludes the litigation of only those issues *necessary to support* the judgment entered in the first action." *Id.* at 315, 103 S.Ct. 2368 (emphasis added). That Granados entered the United States without inspection was a predicate for his conviction under 8 U.S.C. § 1325. Granados is consequently estopped from relitigating this issue in his deportation proceedings.

 Granados also contends that the fact of his conviction alone is insufficient to establish deportability, because a violation of section 1325 is not among the offenses specified in 8 U.S.C. § 1251(a)(2) (1994), for which a showing of a conviction is enough to support deportation. The Board, however, used Granados's conviction not as the basis for deportation under section 1251(a)(2), but to preclude him from relitigating the issue of whether he entered the country without inspection in violation of 8 U.S.C. § 1251(a)(1)(B) (1994). Used for this purpose, Granados's guilty plea and resulting conviction are "wholly adequate to support deportation." *Larios–Mendez v. INS*, 597 F.2d 144, 146 (9th Cir.1979).

We likewise reject Granados's claim that, because his penalty for the violation of section 1325 was relatively minor, he lacked sufficient incentive to litigate the charge. Although Granados's sentence was only forty-five days, it may have been reduced as a result of his guilty plea, and is therefore not indicative of his incentive. Because the maximum term of imprisonment authorized by section 1325 is six months, Granados's "prior conviction [was] for a serious offense so that [he] was motivated to fully litigate the charges." *Section 18*, 976 F.2d at 518 (quoting *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir.1990)).

AFFIRMED.

Judge POLITZ dissents.